# Law Office of
# Zachary Margulis-Ohnuma

April 3, 2017

**Via ECF**

Hon. Frederic Block
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    RE: U.S. v. Naray Palaniappan, 15 Cr. 485

Dear Judge Block:

  This office represents the defendant Naray Palaniappan in the above-captioned case. I write to supplement our motion to suppress in light of the most recent decision suppressing the fruits of the "NIT Warrant" from Virginia that was used to search Mr. Palaniappan's personal computer. The decision, dated March 23, 2017, was a Report and Recommendation by Magistrate Judge Franklin L. Noel of the United States District Court for the District of Minnesota in U.S. v. Carlson, 0:16-cr-00317-JRT-FLN. A copy is attached hereto as Ex. A.[1]

  The court in Carlson suppressed the fruits of a search purported to be authorized by the same Eastern District of Virginia warrant that the government claims justified the search in this case and in Ms. Kellman's case. A copy of the warrant, referred to as the "NIT Warrant," is attached

---

[1] This submission is made after consulting with attorney Susan G. Kellman, Esq., who represents an individual whose computer was also illegally searched in Brooklyn based on the same warrant. Ms. Kellman is currently preparing a similar motion challenging the Virginia search warrant.  That case, U.S. v. Schreiber, 15 Cr. 377 (ENV), is currently pending before the Hon. Eric N. Vitaliano.

260 Madison Avenue • New York, NY 10016
(212) 685-0999 • zach@zmolaw.com
www.zmolaw.com

LAW OFFICE OF ZACHARY MARGULIS-OHNUMA

hereto as Exhibit B.[2] The suppression in Carlson was based, inter alia, on the fact that even if the warrant was valid on its face, the search of the computer in Minnesota exceeded the scope of the search authorized by the Virginia warrant. See Ex. A at 27-28. Precisely the same reasoning applies here: without conceding the validity of the Virginia warrant, even if it were valid, it does not on its face even purport to authorize a search in New York. Therefore, the evidence obtained in New York must be suppressed. We apologize for failing to raise this specific argument in our initial papers and respectfully request that your Honor adopt the reasoning set forth in the Carlson decision to the instant warrant.

The NIT warrant explicitly describes the "property to be searched and [] its location" as located in the Eastern District of Virginia and refers to "Attachment A" to the warrant. Ex. B at 1. Attachment A does not mention any geographical location besides the location of the Playpen website, which was in the Eastern District of Virginia. See Ex. A at 27-28; see also Ex. B. In contrast, the warrant is silent about the location of the "activating computers" – the computers of those who visited the illicit website and whose computers the NIT searched for identifying information. See Ex. B. The Carlson Court explained:

---

[2] The NIT warrant, attached to this letter as Ex. B, was attached as Ex. C to the Defendant's Motion to Suppress. Dkt. No. 42. In brief, it was issued by an Eastern District of Virginia magistrate judge and purported to authorize the Playpen child pornography website, that had been seized and was being operated by the government, to search "activating computers" by secretly injecting malicious code – the "Network Investigative Technique" or NIT – that gathered the activating computers' identifying information and transmitted it to a remote government computer.

4/3/2017
Page 2

Law Office of Zachary Margulis-Ohnuma

> The language in the NIT warrant was plain and distinctive: Attachment A provided the _what_, that any activating computer that entered the Playpen website would be subject to search through the NIT deployment, but in no way altered the _where_, that searches of activating computers would take place in the Eastern District of Virginia.

Ex. A at 27 (emphasis in original).

While the warrant itself does not allude to searches outside of Virginia, the affidavit of the agent who applied for the warrant asserts that the data may be seized from activating computers "wherever located." _Id._ at 28. But the affidavit was not incorporated by reference into the warrant. In fact, as the _Carlson_ court found, it contradicts the clear language of the warrant that mentions only the Eastern District of Virginia. _Id._ Accordingly, the search of Mr. Palaniappan's computer, located outside the Eastern District of Virginia, clearly exceeded the scope of the NIT warrant. The remedy for such a violation in the Second Circuit is suppression. _See_ _U.S. v. Bershchansky_, 788 F.3d 102 (2d Cir. 2015)(suppressing child pornography where search exceeded the scope of warrant).

Finally, it is worth noting that _Carlson_ also provides additional support for the arguments we made in our earlier briefs. Specifically, the court concluded that (1) the government's use of the NIT was a Fourth Amendment search, Ex. A at 10; (2) the NIT is not a tracking device, _id._ at 12; (3) the FBI itself "did not believe the NIT was a tracking device" when agents made the initial warrant application, _id._ at 13; (4) the violation of Rule 41 is of constitutional magnitude, _id._ at 15; (5) the NIT warrant is void _ab initio_, _id._ at 16; (6) the defendant was prejudiced by the search since it would not have occurred but for the violation of Rule 41 of the Federal Rules of Criminal Procedure, _id._ at 17; (7) the agent who requested the NIT warrant "recklessly disregarded proper procedure," _id._ at 18; and (8) the good faith exception does not apply to warrants issued without authority, _id._ at 21. For all these reasons, the evidence obtained from Mr. Palaniappan's

## Law Office of Zachary Margulis-Ohnuma

computer or otherwise derived from the NIT warrant should be suppressed.

    Thank you for your attention to this case.

                              Very truly yours,

                              Zachary Margulis-Ohnuma

                              Zachary Margulis-Ohnuma

CC:  AUSA David Gopstein, Esq. (via ECF)
      AUSA Tanya Hajjar, Esq. (via ECF)
      Susan Kellman, Esq. (via email)