# Law Office of
# Zachary Margulis-Ohnuma

May 1, 2017

**Via ECF**

Hon. Frederic Block
U.S. District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    RE: U.S. v. Naray Palaniappan, 15 Cr. 485

Dear Judge Block:

   This office represents the defendant Naray Palaniappan in the above-captioned case. Mr. Palaniappan's motions to dismiss, compel, and suppress evidence obtained via the FBI's "Network Investigative Technique" are all pending. As discussed at oral argument on April 27, 2017, I write to clarify and expand upon an important ground for suppression that may not have been entirely clear in the papers submitted to date.

   The search of Mr. Palaniappan's computer from February 20, 2015 to March 6, 2015 purported to be authorized by the so-called NIT warrant. See Dkt. No. 43: Defendant's Motion to Suppress Evidence, Ex. C (NIT Warrant). This warrant was issued by a Magistrate Judge in the Eastern District of Virginia. While we have previously discussed whether the warrant complied with Rule 41 of the Federal Rules of Criminal Procedure, I am writing to point out that, as

260 Madison Avenue • New York, NY 10016
(212) 685-0999 • zach@zmolaw.com
www.zmolaw.com

**LAW OFFICE OF ZACHARY MARGULIS-OHNUMA**

interpreted here, the Rule itself would not be valid under the statute that permits federal magistrate judges to authorize searches, the federal Magistrates Act, which is codified at 28 U.S.C. 636. This is because the Magistrates Act limits a magistrate judge's geographical jurisdiction to "within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law[.]" 18 U.S.C. § 636(a). Here, the search took place on Mr. Palaniappan's computer in Queens, outside the Eastern District of Virginia or anywhere else that court might function. No law authorized the search — according to then-Judge Neil Gorsuch, a mere Rule of Criminal Procedure cannot extend the jurisdiction set forth by Congress in the Magistrates Act. See U.S. v. Krueger, 809 F.3d 1109, 1120 (10th Cir. 2015) (concurrence). Therefore, even if our Rule 41 argument were to fail, the search would not be authorized by the warrant because it exceeded the Virginia court's jurisdiction as set forth in 28 U.S.C. 636(a).

Moreover, this violation of § 636 triggers suppression in and of itself. While the majority in Krueger found that suppression was warranted because the defendant was prejudiced by the fact that the warrant was issued in Oklahoma for a search in Kansas, Judge Gorsuch arrived at the same place via a different route. He explained:

> Section 636(a)'s territorial restrictions are jurisdictional limitations on the power of magistrate judges and the Supreme Court has long taught that the violation of a statutory jurisdictional limitation—quite unlike the violation of a more prosaic rule or statute—is per

**LAW OFFICE OF ZACHARY MARGULIS-OHNUMA**

se harmful. U.S. v. Krueger, 809 F.3d at 1122.

We still maintain that the simplest way to dispose of this case is to read the warrant and realize that no reasonable law enforcement officer could have thought it authorized him to search a computer outside of the Eastern District of Virginia. But if the Court does not embrace that argument, it should recognize that the warrant itself not only failed to comply with Rule 41, but also exceeded the limited territorial jurisdiction of the court that issued it, the jurisdiction granted by 28 U.S.C. 636(a). That's the equivalent of no warrant at all. Without a warrant, the search was unreasonable and its fruits should be suppressed.

Put another way, the officers executing the search in this case violated the Fourth Amendment and could not have acted in good faith because knew that the scope of the search exceeded the authorization contained in (in order of specificity) the warrant, the rule, the statute and the Constitution. See Dkt. No. 43, Ex. C; Fed. R. Crim. P. 41(a); 18 U.S.C. 636(a); U.S. Const. Amend. IV. Therefore, suppression is required.

Thank you for your attention to this case.

Very truly yours,

*Zachary Margulis-Ohnuma*

Zachary Margulis-Ohnuma

CC:  AUSA Tanya Hajjar (via ECF and email)
     AUSA David Gopstein (via ECF and email)