# UNITED STATES DISTRICT COURT
### Eastern District of New York

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| Naray Palaniappan | ) | Case Number: CR-15-485(FB) |
| | ) | USM Number: 86225-053 |
| | ) | Zachary Margulis-Ohnuma 260 Madison Ave, NY |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  ONE (1) OF AN INDICTMENT.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| T. 18 U.S.C. 2252(a) | RECEIPT OF CHILD PORNOGRAPHY | 8/31/2015 | 1 |

The defendant is sentenced as provided in pages 2 through 1 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  ALL OPEN COUNTS   ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/23/2019
Date of Imposition of Judgment

s/ FB
Signature of Judge

FREDERIC BLOCK, U.S.D.J.
Name and Title of Judge

May 24, 2019
Date

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 29 2019 ★
BROOKLYN OFFICE

A TRUE COPY
ATTEST 5/24/2019
DATE
DOUGLAS C. PALMER
                    CLERK
BY _____ DEPUTY CLERK

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page _____ of ___1___

DEFENDANT: Naray Palaniappan
CASE NUMBER: CR-15-485(FB)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

SIXTY (60) MONTHS.

☑ The court makes the following recommendations to the Bureau of Prisons:

THAT THE DEFENDANT BE PLACED IN THE DANBURY CORRECTIONAL FACILITY.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
                 Sheet 3 — Supervised Release

Judgment—Page _____ of ___1___

DEFENDANT:   Naray Palaniappan
CASE NUMBER:   CR-15-485(FB)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :
FIVE (5) YEARS.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B(Rev. 02/18) Judgment in a Criminal Case
Sheet 3D — Supervised Release

Case 1:15-cr-00485-FB   Document 91   Filed 05/29/19   Page 4 of 9 PageID #: 1187

DEFENDANT: Naray Palaniappan
CASE NUMBER: CR-15-485(FB)

Judgment—Page _____ of ___1___

# SPECIAL CONDITIONS OF SUPERVISION

1) THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM AS DIRECTED BY THE PROBATION DEPARTMENT WHICH MAY INCLUDED TREATMENT FOR SEXUAL DISORDERS, WITH TREATMENT PROVIDER SELECTED BY THE PROBATION DEPARTMENT. THE DEFENDANT SHALL CONTRIBUTE TO THE COSTS OF THE SERVICES RENDERED, VIA CO-PAYMENT, AS APPROVED BY THE PROBATION DEPARTMENT.

2) THE DEFENDANT SHALL SUBMIT HIS PERSON, PROPERTY, HOUSE, RESIDENCE, PLACE OF BUSINESS, VEHICLE, PAPERS, COMPUTERS (AS DEFINED IN 18 U.S.C. SECTION 1030(e)(1)), OTHER ELECTRONIC COMMUNICATIONS OR DATA STORAGE DEVICES OR MEDIA, OR OFFICE, TO A SEARCH CONDUCTED BY A U.S. PROBATION OFFICER. FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION OF RELEASE. THE DEFENDANT SHALL WARN ANY OTHER OCCUPANTS THAT THE PREMISES MAY BE SUBJECT TO SEARCHES PURSUANT TO THIS CONDITION. AN OFFICER MAY CONDUCT A SEARCH PURSUANT TO THIS CONDITION ONLY WHEN REASONABLE SUSPICION EXISTS THAT THE DEFENDANT HAS VIOLATED A CONDITION OF HIS SUPERVISION AND THAT THE AREAS TO BE SEARCHED CONTAIN EVIDENCE OF THIS VIOLATION. ANY SEARCH MUST BE CONDUCTED AT A REASONABLE TIME AND IN A REASONABLE MANNER.

3) THE DEFENDANT IS NOT TO USE A COMPUTER, INTERNET CAPABLE DEVICE, OR SIMILAR ELECTRONIC DEVICE TO ACCESS PORNOGRAPHY OF ANY KIND. THIS INCLUDES, BUT NOT LIMITED TO, ACCESSING PORNOGRAPHIC WEBSITES, INCLUDING WEBSITES DEPICTING IMAGES OF NUDE ADULTS OR MINORS. THE OFFENDER SHALL NOT USE HIS/HER COMPUTER TO VIEW PORNOGRAPHY STORED ON RELATED COMPUTER MEDIA, SUCH AS CD'S OR DVD'S AND SHALL NOT COMMUNICATE VIA HIS COMPUTER WITH ANY INDIVIDUAL OR GROUP WHO PROMOTES THE SEXUAL ABUSE OF CHILDREN. THE DEFENDANT SHALL ALSO COOPERATE WITH THE U.S. PROBATION DEPARTMENT'S COMPUTER AND INTERNET MONITORING PROGRAM. COOPERATION SHALL INCLUDE, BUT IS NOT LIMITED TO, IDENTIFYING COMPUTER SYSTEMS, INTERNET CAPABLE DEVICES, AND/OR SIMILAR ELECTRONIC DEVICES THE DEFENDANT HAS ACCESS TO, AND ALLOWING THE INSTALLATION OF MONITORING SOFTWARE/HARDWARE ON SAID DEVICES, AT THE DEFENDANT'S EXPENSE. THE DEFENDANT SHALL INFORM ALL PARTIES THAT ACCESS A MONITORED COMPUTER, OR SIMILAR ELECTRONIC DEVICE, THAT THE DEVICE IS SUBJECT TO SEARCH AND MONITORING. THE DEFENDANT MAY BE LIMITED TO POSSESSING ONLY ONE PERSONAL INTERNET CAPABLE DEVICE, TO FACILITATE OUR DEPARTMENT'S ABILITY TO EFFECTIVELY MONITOR HIS/HER INTERNET RELATED ACTIVITIES. THE DEFENDANT SHALL ALSO PERMIT RANDOM EXAMINATIONS OF SAID COMPUTER SYSTEMS, INTERNET CAPABLE DEVICES, SIMILAR ELECTRONIC DEVICES, AND RELATED COMPUTER MEDIA, SUCH AS CD'S UNDER HIS/HER CONTROL. AS PART OF THE COMPUTER AND INTERNET MONITORING PROGRAM, ,THE DEFENDANT IS PROHIBITED FROM SENDING/RECEIVING IMAGES, VIDEO OR AUDIO (MMS-MULTIMEDIA MESSAGING SERVICES) VIA A CELLULAR TELEPHONE OR OTHER CAPABLE DEVICES AS DIRECTED BY THE PROBATION DEPARTMENT. THE DEFENDANT IS REQUIRED TO NOTIFY THEIR MOBILE TELEPHONE PROVIDER TO PREVENT THEIR ACCOUNT FROM SENDING/RECEIVING MMS AND PROVIDE DOCUMENTATION TO THE PROBATION DEPARTMENT AS PROOF OF THIS REQUIREMENT.

4) THE DEFENDANT SHALL COMPLY WITH THE SEX OFFENDER REGISTRATION REQUIREMENTS MANDATED BY LAW.

5) IF THE DEEFNDANT COHABITATES WITH AN INDIVIDUAL WHO HAS MINOR CHILDREN, THE DEFENDANT WILL INFORM THAT OTHER PARTY OF HIS PRIOR CRIMINAL HISTORY CONCERNING HIS SEX OFFENSE. MOREOVER, HE WILL NOTIFY THE PARTY OF HIS PROBATION OF ASSOCIATING WITH ANY CHILDREN UNDER AGE 18, UNLESS A RESPONSIBLE ADULT IS PRESENT.

6) THE DEFENDANT SHALL NOTIFY HIS EMPLOYER OF HIS OFFENSE, IF HIS JOB INVOLVES INTERENT ACCESS THAT OCCURS IN A NON-PUBLIC SETTING (SUCH AS A PRIVATE OFFICE) OR USE OF AN EMPLOYER-PROVIDED INTERNET CAPABLE DEVICE THAT IS MOBILE.

DEFENDANT: Naray Palaniappan
CASE NUMBER: CR-15-485(FB)

## SPECIAL CONDITIONS OF SUPERVISION

7) THE DEFENDANT SHALL REPORT TO THE PROBATION OFFICE ANY AND ALL ELECTRONIC COMMUNICATIONS SERVICE ACCOUNTS [AS DEFINED IN T. 18 U.S.C. 2510 915)] USED FOR COMMUNICATIONS, DISSEMINATION AND/OR STORAGE OF DIGITAL MEDIA FILES (i.e. AUDIO, VIDEO, IMAGES). THIS INCLUDES, BUT IS NOT LIMITED TO EMAIL ACCOUNTS, SOCIAL MEDIA ACCOUNTS, AND CLOUD STORAGE ACCOUNTS. THE DEFENDANT SHALL PROVIDE EACH ACCOUNT IDENTIFIER AND PASSWORD, AND SHALL REPORT THE CREATION OF NEW ACCOUNT, CHANGES IN IDENTIFIERS AND/OR PASSWORDS, TRANSFER, SUSPENSION AND/OR DELETION OF ANY ACCOUNT WITHIN 5 DAYS OF SUCH ACTION. FAILURE TO PROVIDE ACCURATE ACCOUNT INFORMATION MAY BE GROUNDS FOR REVOCATION OF RELEASE. THE DEFENDANT SHALL PERMIT THE PROBATION OFFICE TO ACCESS AND SEARCH ANY ACCOUNTS USING THE DEFENDANT'S CREDENTIALS PURSUANT TO THIS CONDITION ONLY WHEN REASONABLE SUSPICION EXISTS THAT THE DEFENDANT HAS VIOLATED A CONDITION OF HIS SUPERVISION AND THAT THE ACCOUNTS TO BE SEARCHED CONTAINS EVIDENCE OF THIS VIOLATION. FAILURE TO SUBMIT TO SUCH A SEARCH MAY BE GROUNDS FOR REVOCATION OF RELEASE.

8) UPON REQUEST, THE DEFENDANT SHALL PROVIDE THE PROBATION DEPARTMENT WITH FULL DISCLOSURE OF HER FINANCIAL RECORDS, INCLUDING CO-MINGLED INCOME, EXPENSES, ASSETS AND LIABILITIES TO INCLUDE YEARLY INCOME TAX RETURNS. WITH THE EXCEPTION OF THIS FINANCIAL ACCOUNTS REPORTED AND NOTED WITHIN THE PRESENTENCE REPORT, THE DEFENDANT IS PROHIBITED FROM MAINTAINING AND/OR OPENING ANY ADDITIONAL INDIVIDUAL AND/OR JOINT CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, FOR EITHER PERSONAL OR BUSINESS PURPOSES, WITHOUT THE KNOWLEDGE AND APPROVAL OF THE PROBATION DEPARTMENT. THE DEFENDANT SHALL COOPERATE WITH THE PROBATION DEPARTMENT IN THE INVESTIGATION OF HIS FINANCIAL DEALINGS AND SHALL PROVIDE TRUTHFUL MONTHLY STATEMENTS OF YOUR INCOME AND EXPENSES. THE DEFENDANT SHALL COOPERATE IN THE SIGNING OF ANY NECESSARY AUTHORIZATION TO RELEASE INFORMATION FORMS PERMITTING THE PROBATION DEPARTMENT ACCESS TO YOUR FINANCIAL INFORMATION AND RECORDS.

9) THE DEFENDANT SHALL COMPLY WITH THE FORFEITURE PROVISION AND ANY POSSIBLE RESTITUTION OR FINE ORDERS.

10) THE DEFENDANT WILL NOT ASSOCIATE WITH ANY CHILDREN UNDER THE AGE OF 18, UNLESS A RESPONSIBLE ADULT IS PRESENT AND HE HAS PRIOR APPROVAL FROM THE PROBATION DEPARTMENT. PRIOR APPROVAL DOES NOT APPLY TO CONTACTS WHICH ARE NOT KNOWN IN ADVANCE BY THE DEFENDANT WHERE CHILDREN ARE ACCOMPANIED BY A PARENT OR GUARDIAN OR FOR INCIDENTAL CONTACTS IN PUBLIC SETTING. ANY SUCH NON-PRE-APPROVED CONTACTS WITH CHILDREN MUST BE REPORTED TO THE PROBATION DEPARTMENT AS SOON AS PRACTICABLE, BUT NO LATER THAN 12 HOURS. UPON COMMENCING SUPERVISION, THE DEFENDANT SHALL PROVIDE TO THE PROBATION DEPARTMENT THE IDENTITY AND CONTACT INFORMATION REGARDING ANY FAMILY MEMBERS OR FRIENDS WITH CHILDREN UNDER THE AGE OF 18, WHOM THE DEFENDANT EXPECTS TO HAVE ROUTINE CONTACT WITH, SO THAT THE PARENTS OR GUARDIANS OF THESE CHILDREN MAY BE CONTACTED AND PROBATION DEPARTMENT CAN APPROVE ROUTINE FAMILY AND SOCIAL INTERACTIONS SUCH AS HOLIDAYS AND OTHER FAMILY GATHERINGS WHERE SUCH CHILDREN ARE PRESENT AND SUPERVISED BY PARENTS OR GUARDIANS WITHOUT INDIVIDUAL APPROVAL OF EACH EVENT.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
    Sheet 3A — Supervised Release

Judgment—Page _____ of _____ 1

DEFENDANT: Naray Palaniappan
CASE NUMBER: CR-15-485(FB)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: Naray Palaniappan
CASE NUMBER: CR-15-485(FB)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 5,000.00 | $ 0.00 | $ 0.00 |

☒ The determination of restitution is deferred until  9/6/2019 . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Naray Palaniappan
CASE NUMBER: CR-15-485(FB)

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

RESTITUTION SHALL BE PAID AT THE RATE OF $25.00 EVERY QUARTER WHILE INCARCERATED AND 10% OF HIS MONTHLY GROSS INCOME WHEN RELEASED FROM CUSTODY. PAYMENTS SHALL BE MADE TO THE CLERK OF THE COURT WHO SHALL PERIODICALLY REMIT SUCH MONIES PROPORTIONALLY TO THE VICTIMS. THE INTEREST REQUIREMENT IS WAIVED.

THE $5,000.00 ADDITIONAL SPECIAL ASSESSMENT SHALL BE PAID AFTER THE RESTITUTION IS PAID IN FULL.

DEFENDANT: Naray Palaniappan
CASE NUMBER: CR-15-485(FB)

## ADDITIONAL FORFEITED PROPERTY

THE DEFENDANT SHALL COMPLY WITH THE FINAL ORDER OF FORFEITURED DATED 5/23/19 CONTAINED IN THIS JUDGMENT.